[L.A. No. 30922. Mar. 22, 1979.]

CITIZENS TASK FORCE ON SOHIO et al.,
Petitioners, v.
BOARD OF HARBOR COMMISSIONERS OF THE PORT OF
LONG BEACH, Respondent;
SOHIO TRANSPORTATION COMPANY OF CALIFORNIA,
Real Party in Interest.

**COUNSEL**

Antonio Rossmann for Petitioners.

Leonard Putnam, City Attorney, Leslie E. Still, Jr., David M. Schacter and Richard L. Landes, Deputy City Attorneys, for Respondent.

Ball, Hunt, Hart, Brown & Baerwitz, Charles E. Greenberg, Allan E. Tebbetts and Arthur D. Cohen for Real Party in Interest.

Janice E. Kerr, Hector Anninos and Anne K. Mester as Amici Curiae.

## Opinion

**THE COURT.—■** The Citizens Task Force on Sohio (Citizens) brought this action for writ of mandate in the superior court to compel the Board of Harbor Commissioners of the Port of Long Beach (Port) to comply with the California Environmental Quality Act (CEQA) (Pub. Resources Code, § 21000 et seq.). The complaint challenges the adequacy of an environmental impact report (EIR) prepared jointly (Cal. Admin. Code, tit. 14, § 15065, subd. (d)) by the Port and the Public Utilities Commission (PUC) with regard to a project of the Sohio Transportation Co. (Sohio) to move Alaskan crude oil from a delivery point in Long Beach by overland pipeline to Texas. After granting the Port's motion to join the PUC as an indispensable party (Code Civ. Proc., § 389), the court transferred the matter to this court (Code Civ. Proc., § 396) on the ground that it lacked authority to compel the PUC to comply with CEQA (Pub. Util. Code, § 1759; Pub. Resources Code, § 21168.6). The transfer was improper.

When two or more public agencies equally qualify as the lead agency for the purpose of preparing an EIR, "the agency which is to act first on the project in question shall be the Lead Agency (following the principle that the environmental impact should be assessed as early as possible in governmental planning)." (Cal. Admin. Code, tit. 14, § 15065, subd. (c).) Because the Port was the first to act on the Sohio project, it became the lead agency and hence was required to defend the adequacy of the entire EIR under Public Resources Code section 21167; the PUC thereby became a "responsible" agency (*id.*, § 21069), whose actions are governed by section 21167.3. Accordingly, although the PUC could not properly be made a party because its joinder would "deprive the court of jurisdiction over the subject matter" (Code Civ. Proc., § 389, subd. (a)), the court should have permitted the action to proceed against the Port alone.

For the foregoing reasons, it is ordered that the above-entitled cause be transferred to the Superior Court of Los Angeles County.

Bird, C. J., did not participate.